BUTLER and VOSBURGH *vs.* MILLER;

Whether a judgment confessed for a debt which the debtor had before secured by notes and a chattel mortgage, where the judgment included a further debt to another creditor, operates to merge and extinguish the prior securities, depends upon the intent of the parties to the judgment at the time it was taken. *Semble.* *Per* WHITTLESEY, J.

The declaration of the parties to the judgment at the time it was confessed, that it was taken as collateral to the prior securities, is evidence of that fact for the consideration of the jury. *Per* WHITTLESEY, J.

But where a debtor had given notes and a chattel mortgage, and afterwards confessed a judgment for the same debt and for a further demand due to another creditor, and it was agreed that the judgment should be collateral to the notes and mortgage, and the plaintiff caused an execution to be issued, and the property embraced in the mortgage was sold upon that and upon a prior execution in favor of another party; *held* that the first mentioned creditor could not, after this, assert title under the chattel mortgage against the parties acting under the prior execution.

TROVER for cattle, farming implements and growing crops, tried a second time at the Columbia circuit in March, 1846, before PARKER, Cir. Judge. The leading facts were the same which appeared on the former trial, of which a report may be found in 1 *Denio*, 407. It will be seen that a new trial was ordered for the misdirection of the judge, this court holding that the evidence showed an intention in the plaintiffs and Vanderpoel to substitute the bond and judgment for the notes and chattel mortgage which Vanderpoel had before executed to the plaintiffs. On the second trial Mr. Tobey, a witness for the plaintiffs, and who drew the bond and warrant of attorney, testified, after an objection by the defendant which was overruled, that when the same were drawn, Butler, one of the plaintiffs, inquired of the witness whether the giving of the judgment would prejudice the chattel mortgage, and that he told said plaintiff and Vanderpoel, who was present, that he thought not, if the judgment was taken as collateral, and that it was then understood and agreed between the parties to the effect that the judgment should be collateral to the mortgage, and that it was so taken.

The defendant's counsel moved for a nonsuit on the ground that the judgment operated as a merger and extinguishment of the notes of Vanderpoel and of the chattel mortgage; and also that the levy under the execution, and the application to the court for the proceeds of the sale was a waiver of the mortgage. The judge denied the motion. The former points, among others, were again urged by the defendant's counsel in asking for instructions to be given to the jury, but the judge declined to charge as desired, though he stated that the mortgage was merged unless it were shown that the judgment was taken as collateral security; and the defendant's counsel excepted. Verdict for the plaintiffs. The defendant moves for a new trial on a bill of exceptions.

*K. Miller,* for the defendant.

*J. H. Reynolds,* for the plaintiffs.

WHITTLESEY, J. When this case was before the court on the former occasion, it was held that the question of merge depended mainly upon the intent of the parties. On the sec ond trial there was direct evidence respecting the intention of the parties in the execution of the bond and warrant of attorney, and of their views and determination as to the effect of these instruments upon the prior security. This evidence was proper for the consideration of the jury, and raised a question of fact for their determination. The judge was, however, asked to charge as a matter of law that the judgment operated as a merger of the notes and that it avoided the mortgage. He properly withheld that instruction, and his charge that a merger took place unless it was satisfactorily shown that the judgment was taken only as a collateral security to the mortgage, and that if so taken it was not a merger, was in conformity with the former opinion of this court upon the case. The question of fraud was properly left to the jury; and upon the whole I see no ground for interfering with the verdict.

BEARDSLEY, C. J., said that the levy and sale which the plaintiffs caused to be made upon the property in question under the judgment and execution against Vanderpoel, was inconsistent with the present claim to the same property under the chattel mortgage. After such levy and sale the plaintiffs could not be permitted to set up title under that mortgage. Hence he was of opinion that a new trial ought to be granted.

McKISSOCK, J. was of the same opinion.

New trial granted.